In re Clark and Gloria McCURDY,
d/b/a Portsmouth Matrix,
Debtors.

Clark and Gloria McCURDY, Plaintiffs,

v.

PRENTICE HALL, INC. and Commerce
Clearing House, Inc., Defendants.

Bankruptcy No. 91–10419.
Adv. No. 91–1171.

United States Bankruptcy Court,
D. New Hampshire.

April 15, 1992.

Byron J. Siegal, Portsmouth, N.H., for plaintiffs.

MEMORANDUM OPINION

JAMES E. YACOS, Bankruptcy Judge.

This matter came before the Court on March 16, 1992, on plaintiffs' motion for default judgment on a complaint brought pursuant to 11 U.S.C. 362(a)(6).

Plaintiffs' complaint requests the Court to order defendants to cease all acts to collect, assess or recover claims against debtors that arose prior to the commencement of this bankruptcy case. Defendants failed to file an appearance in this adversary proceeding, and they did not appear at the pretrial hearing on December 4, 1991. Consequently, the Court ordered plaintiffs to file a motion for default judgment, and default was entered on December 26, 1991.

Plaintiffs now seek the imposition of attorneys fees and costs, and of punitive damages upon defendants. The Court, at the conclusion of the March 16, 1992 hearing, announced from the bench that it would award attorneys fees and costs in the amount of $1559.51, and that it would award punitive damages against each defendant in the amount of $5000. The Court today is entering separately a final judgment awarding attorneys fees and costs, and punitive damages. This memorandum opinion sets forth the Court's specific findings of fact and conclusions of law supporting the final judgment.

Debtors, plaintiffs herein, filed for relief under Chapter 13 of the Bankruptcy Code on February 20, 1991. Plaintiffs listed both defendants as creditors in the bankruptcy petition, as follows:

Prentice Hall Publishing
Simon & Schuster
P.O. Box 105361
Atlanta, GA 30348–5361
Commerce Clearing House
4025 W. Peterson Ave.
Chicago, IL 60646

Service of debtors' bankruptcy petition was made upon each defendant at the above addresses. The first meeting of creditors was held on April 30, 1991. Defendants did not appear. Defendant Prentice Hall, Incorporated (Prentice Hall) filed a proof of

claim on August 22, 1991. Defendant Commerce Clearing House, Inc. (CCH) has not filed a proof of claim in this case.

Defendants were served with several notices of debtors' bankruptcy case, including a March 1991 notice of the chapter 13 petition, the first meeting of creditors, and the claims bar date, an October 1991 notice of the adversary proceeding instituted against defendants, a December 1991 notice of plaintiffs' motion for default judgment in the adversary proceeding, and a January 1992 notice of plaintiffs' motion for entry of default. Each defendant was properly served with the above notices, including plaintiffs' adversary complaint, and the summons and notice of the pretrial hearing.

In addition, plaintiffs' attorney telephoned Prentice Hall's attorney on July 17, 1991, and confirmed such telephone conversation with a letter sent that same day. Prentice Hall was informed that it had been listed and noticed in debtors' bankruptcy case, and that Prentice Hall's continued attempt to collect past debts was a violation of the bankruptcy laws.

Plaintiffs' attorney also sent two letters to CCH on September 20, 1991 (one for each account). In the letters, plaintiffs' attorney informed CCH that debtors had filed a chapter 13 petition on February 20, 1991, that CCH was listed as a creditor and included in debtors' chapter 13 plan, that CCH's continued attempt to collect past debts was a violation of the bankruptcy laws, that action would be taken by debtors if CCH continued to harass them, and that CCH should get an attorney if they had any problems.

Notwithstanding the notices given to each defendant by plaintiffs/debtors, defendants continued to send collection letters to debtors on a regular basis. Prentice Hall sent thirteen letters to debtors after the chapter 13 petition was filed. The letters were sent in June, August, October, November, and December of 1991, and in January, 1992. Twelve of the letters were sent after plaintiffs' attorney had telephoned and written to Prentice Hall's attorney. Nine of the letters were sent

after plaintiffs had instituted the adversary proceeding against defendants, requesting that defendants be ordered to cease collection activities. The final three letters were sent to plaintiffs after the Court had entered a default judgment in the adversary proceeding, due to defendants' failure to appear or respond to plaintiffs' allegations.

Commerce Clearing House sent fourteen letters to debtors after the bankruptcy case was filed. The letters, or invoices, were sent in February, March, May, June, July, August, and September of 1991, and in January of 1992.

The foregoing facts evidence defendants' continuous and willful disregard for the bankruptcy laws and the protections afforded to debtors thereby. Plaintiffs/debtors were incessantly harassed by the defendants' collection attempts, which did not cease even after a comprehensive verbal and written warning to defendants from plaintiffs' attorney. On the basis of these facts, this Court finds defendants in violation of the automatic stay protection of section 362 of the Bankruptcy Code. This Court further finds that plaintiffs were injured by the willful violation of the automatic stay, and are accordingly entitled to damages under section 362(h) of the Bankruptcy Code, including punitive damages.

Plaintiffs are awarded attorneys fees and costs in the amount of $1559.51, and punitive damages against each defendant in the amount of $5000, for which each defendant is individually liable.